THE HANOVER FIRE INSURANCE COMPANY, Appellant, *v.* THE GERMANIA FIRE INSURANCE COMPANY, Impleaded, etc., Respondent.

The propriety of the granting of an extra allowance may be reviewed by the General Term on appeal from the judgment, and a formal exception is not required for the purposes of such review.

This court may, on appeal from the decision of the General Term, pass upon the question of the legal right of the court below to make the allowance.

This action was brought to restrain defendant from interfering with the closing up of the business of "the New York Underwriters Agency;" the answer of defendant, the G. F. I. Co., alleged was a name used to represent the joint business of plaintiff and said defendant, and was

their joint property ; that it was of the value of $50,000, and had been appropriated by plaintiff and other parties without making compensation to said defendant, and affirmative relief by injunction was asked for. Plaintiff replied, denying the allegations of the answer. No evidence was presented as to the value of the property right in the name. An extra allowance was granted. *Held*, that the General Term, on appeal from the judgment, properly reversed so much thereof as granted the extra allowance, on the ground of want of power in the Special Term to award it.

(Argued April 19, 1893; decided May 2, 1893.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made February 18, 1892, which reversed so much of a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term, as granted to plaintiff an extra allowance.

This was an action in equity to restrain the defendant, the Germania Fire Insurance Company, from interfering with the closing up by one Stoddart of the business of "The New York Underwriters Agency," pursuant to an agreement between that company and the plaintiff, the Hanover Fire Insurance Company. The Germania Company in its answer among other things alleged that "The New York Underwriters Agency" was a name used to represent the joint business of the two companies, and was the joint property of both, and was of the pecuniary value of $50,000, and further alleged that the name had been appropriated by the plaintiff and Stoddart to a new business, in conjunction with the Citizens' Insurance Company, without making any compensation to the Germania Company, whereby the latter company had been deprived of all use and benefit therefrom, and that its interest therein is being rendered valueless; and the answer demands affirmative relief by injunction against the Hanover Company and Stoddart.

The Hanover Company served a reply denying the allegations in the answer. The case came on for trial at Special Term, and upon the pleadings and proof of records and proceedings in former actions between the parties, and without

any oral evidence, the case was submitted. The trial judge made findings of facts and law, and directed judgment to be entered for the plaintiff against the Germania Company, enjoining it from interfering with the closing up of the business of the "New York Underwriters Agency" by Stoddart, and awarded costs against the Germania Company, and an extra allowance as follows: "And that the plaintiff have judgment for its costs, to be taxed, and two thousand dollars as extra allowance." Judgment having been entered pursuant to the direction of the Special Term, the Germania Company appealed to the General Term from that part of the judgment awarding an extra allowance. The General Term reversed the part of the judgment appealed from, for want of power in the Special Term to award an extra allowance, and from that order of reversal the Hanover Company appeals to this court. There was no evidence presented to the Special Term as to the value of the property right in the name "The New York Underwriters Agency," outside of the pleadings.

No formal exception was taken to the award of an extra allowance.

*George W. Cotterill* for appellant. The General Term had no power to reverse the award of allowance, as there was no exception, but only an appeal from a part of the judgment. (*Murray* v. *Church*, 1 Hun, 49; *Woodford* v. *Bucklin*, 14 How. Pr. 444; Code Civ. Pro. § 767.) The trial judge had the power to grant the allowance. (*Connaughty* v. *S. C. Bank*, 92 N. Y. 401; *Holmes* v. *Jones*, 121 id. 461; *Munro* v. *Smith*, 23 Abb. [N. C.] 276.)

*Ernest Hall* for respondent. The granting or refusal of an allowance in addition to costs, being wholly discretionary, and no question of law being involved, no appeal lies to this court, and the appeal should be dismissed. (*Atty.-Gen.* v. *C. L. Ins. Co.*, 90 N. Y. 45; *Howell* v. *Mills*, 53 id. 322; *Livermore* v. *Bainbridge*, 56 id. 72; *Mills* v. *Davis*, 53 id. 349; *Lawrence* v. *Farley*, 73 id. 187; *Cushman* v. *Brandreth*, 50 id.

296.) It cannot be claimed that the General Term reversed the judgment as to the additional allowance, or denied the motion for an allowance, because of want of power to grant it, for the order and judgment appealed from fail to disclose any such ground, and this court will not go to the opinion to ascertain the reasons for the reversal, but will assume that it was on the merits. The appeal is from the order and judgment, and not from the opinion, which is no part of the record. (*Noyes* v. *C. A. Society*, 70 N. Y. 481 ; *Atty.-Gen.* v. *C. L. Ins. Co.*, 90 id. 45.) There being no sum of money claimed in the pleadings or allowed to the plaintiff, there was nothing upon which an extra allowance could be based, and the court had no right to grant it. *Gray* v. *Robjohn*, 1 Bosw. 618 ; *A. D. Co.* v. *Libby*, 45 N. Y. 499 ; *People* v. *Giroux*, 29 Hun, 248 ; *Coates* v. *Goddard*, 34 id. 118 ; *People* v. *G. V. R. R. Co.*, 30 N. Y. 30 ; *Latimer* v. *Livermore*, 72 id. 174 ; *D. M. Co.* v. *Roeber*, 35 Hun, 421 ; *Johnson* v. *S. I. Assn.*, 47 id. 374 ; *People* v. *S. I. F. Co.*, 68 N. Y. 71 ; *Connaughty* v. *S. Bank*, 93 id. 401 ; 28 Hun, 373 ; *Musgrave* v. *Sherwood*, 29 id. 475 ; *Myer* v. *Rasquin*, 20 Wkly. Dig. 98 ; *Hoffman* v. *DeGraaf*, 39 Hun, 648 ; *Voorhies* v. *French*, 15 J. &. S. 364 ; *Spofford* v. *T. L. Co.*, 41 id. 228 ; *People ex rel.* v. *Adams*, 128 N. Y. 129 ; *People* v. *U. & D. R. R. Co.*, 128 id. 240 ; *Shiels* v. *Wortman*, 126 id. 650 ; *People* v. *A. & S. R. R. Co.*, 15 Lans. 25 ; *Munro* v. *Smith*, 23 Abb. [N. C.] 275.)

Andrews, Ch. J. We think the question of the power of the court to grant an extra allowance was brought before the General Term by the appeal from that part of the judgment by which the award was made.

The granting of an extra allowance under section 3253 of the Code, can never be demanded as a legal right, but is in the discretion of the court. Whether an allowance shall be made in cases coming within the section is a question which arises after the trial and determination of the issues. The court may determine the question upon the facts disclosed on

the trial, or brought to its attention by affidavits. When an allowance is made it enters into the judgment and is collectible by force of the judgment.

The propriety of the allowance may be reviewed by the General Term on appeal from the judgment, and we think it is not a case where a formal exception must have been taken to enable the General Term to review the discretion or the legal right of the court below to make the award. And we are also of the opinion that this court can, on an appeal from the decision of the General Term, pass upon the question of the legal right involved. The case is anomalous, but there seems to be no good reason why, for the purpose of reviewing the allowance, the same rule should not prevail as on appeals from orders in respect to the absence of an exception. The allowance is in substance an order incorporated in the judgment.

Upon the merits we are of the opinion that there was no basis in the facts before the trial judge for fixing an allowance in this case. The allowance to be made under section 3253 is a percentage on " the sum recovered or claimed, or the value of the subject-matter involved." The allowance in this case was based on the value of the right to the use of the name by the Germania Company. The answer in connection with the allegation that the name was the property of the two companies, alleges " that the said name possessed and possesses a pecuniary value of fifty thousand dollars." The Germania Company based its demand of affirmative relief upon the allegation of a joint right to the use of the name, and that it had been deprived of the benefit thereof. The right to the use of the name " New York Underwriters Agency " was a " subject-matter " involved in the issue presented by the Germania Company in its answer. But the difficulty in maintaining the award of the Special Term arises from the fact that there was no evidence of the value of the right before the court. The averment of value contained in the answer was denied in the reply. Upon the pleadings, therefore, the fact was as though no averment of value had been made. The averment on one side was neutralized by the denial on the

other, and the pleadings contained the only information as to value before the court.    If extrinsic proof had been given a different question would have been presented.    It is not sufficient to sustain the allowance that the case was one where there may have been a pecuniary value to the " subject-matter " involved in the litigation.    If the value was not shown and no evidence, admission or proof given from which the court could arrive at any conclusion as to value, no allowance could be made.

We think the order of the General Term should be affirmed.
All concur.
Order affirmed.